# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Nellie Berryman

   v.

Spotsylvania County
Department of
Social Services

August 14, 2003

Case No. CH03-385

BY JUDGE WILLIAM H. LEDBETTER, JR.

Nellie Berryman appeals the decision of an administrative hearing officer upholding a child abuse finding by the Spotsylvania County Department of Social Services.

*Facts*

Ms. Berryman, a Stafford County resident, is the adoptive mother of fifteen-year-old Renee Ann Berryman.

The incident that gives rise to this proceeding occurred on March 2, 2002. Everyone agrees that, on that day, a physical altercation took place between Ms. Berryman and Renee. Renee was already out of sorts because her mother had punished her for a school suspension. Renee and her brother, Jerome, got into a spat about a notebook. Jerome told Ms. Berryman that Renee's notebook contained obscene material. Ms. Berryman demanded to see the notebook. Renee resisted. Ms. Berryman, determined to see the notebook, grabbed Renee and held her until she relinquished the item.

The factual issue is whether Ms. Berryman choked Renee or put her arm around Renee's neck in such a forceful manner as to constitute physical abuse.

According to Renee, Ms. Berryman put her arm around Renee's neck or throat and choked her. Renee reported that, when she complained that she could not breathe, Ms. Berryman told her to take her last breath, or something to that effect.

Ms. Berryman concedes that she grabbed Renee. She says that her arm was around the top of Renee's head, not anywhere near her throat, and that she did not choke her. She admits that Renee said she could not breathe, and she admits that she told Renee to take her last breath, or something similar. However, she explains, she was being sarcastic because she knew that Renee was having no trouble breathing.

### Status of the Case

The Spotsylvania County Department of Social Services (DSS) received a complaint about the incident.[1] After investigating, DSS found the complaint valid. The finding of "Founded Physical Abuse – Level Three" was upheld following a local conference pursuant to Virginia Code § 63.2-1526(A).

Ms. Berryman appealed for an administrative hearing under Virginia Code § 63.2-1526(B). A hearing officer conducted an evidentiary hearing on February 3, 2003, and rendered an opinion on April 7, 2003. He sustained the finding of DSS.

Ms. Berryman appealed the hearing officer's decision to this court pursuant to Virginia Code § 63.2-1526(B) and the Administrative Process Act, Virginia Code § 2.2-4025 et seq. The court heard arguments on August 4, 2003, and took the case under advisement.

### Decision

At the August 4th hearing, Ms. Berryman asked to present additional evidence, specifically, her testimony, to the court. The court refused, explaining that judicial review must be based solely on the record. See Virginia Code § 2.2-4025.

---

[1] Ms. Berryman lives in Stafford. The case was referred to Spotsylvania because of Ms. Berryman's history of involvement with the Stafford County Department of Social Services as a foster parent.

Having now thoroughly reviewed the record, the court is of the opinion that there is sufficient evidence to support the agency decision and the hearing officer's determination as trier of fact.

The case is a classic example of a controversy involving the credibility of witnesses and weight to be given testimony and other evidence by the trier of fact. In reviewing agency decisions under the Administrative Process Act, courts give due regard to the special competence of the agency and they give deference to the hearing officer's factual findings. See Virginia Code § 2.2-4027. The standard of review in Virginia is the "substantial evidence" test: whether there was substantial evidence in the agency record to support the decision. A reviewing court may not substitute its independent judgment for that of the agency entrusted by the General Assembly with the administrative function. See *Johnston-Willis v. Kenley*, 6 Va. App. 231 (1988).

Ms. Berryman complains that the hearing officer's analysis of the facts was skewed because he did not hear Renee, but instead heard testimony of investigators who related what Renee had told them. The complaint, while understandable, is without merit. Rules of evidence are "considerably relaxed" in administrative proceedings. See *Virginia Real Estate Commission v. Bias*, 226 Va. 264 (1983).

Ms. Berryman also complains that the statements attributable to her were made at a time when she did not understand the consequences. This argument, too, is without merit. A person's first and freshest accounts of an incident are often the most reliable. Here, indeed, Ms. Berryman's first accounts were essentially the same as the account given by Renee. The hearing officer chose to believe those earlier versions rather than Ms. Berryman's later testimony. The court can point to nothing in the record to conclude that the hearing officer committed error in reaching those factual conclusions.

Accordingly, it is the opinion of the court that the agency decision must stand. Applying the applicable standard of review, there is no reversible error.