BUMGARDNER, III, Judge.
The Chesterfield Department of Social Services determined a complaint that Robert C. Mulvey physically abused a student was founded. The Commissioner of the DSS affirmed that decision after an administrative hearing, and the trial court affirmed the agency’s decision. The appellant contends the evidence was insufficient to support the agency’s factual findings. He argues he had no intent to injure the student and that his conduct was authorized. We affirm.
We view the evidence in the light most favorable to the agency and limit our review of issues of fact to the agency record. Carter v. Gordon, 28 Va.App. 133, 141, 502 S.E.2d 697, 701 (1998). On May 18, 2001, an eleven-year-old student was misbehaving and disrupting the appellant’s classroom. The appellant asked the student to leave the room three times. He took the student’s book bag and placed it at a desk in the hallway. The student protested because he would lose points if he were removed from the classroom, but he went to the hallway crying and whining. The student then refused to sit, kicked the chair, and called the appellant a “butthead.” The appellant grabbed the student from behind with a strong grip on the shoulders, lifted him, and pushed him into the chair. *603 He “squeezed and hurt [the student] by accident.” Student witnesses reported the appellant “slammed” the student into the chair. Another witness reported the student kept saying “ow, ow.” Less than an hour later, the student had abrasions on his left shoulder and bruising on his right underarm.
A Child Protective Services worker conducted an investigation three days later and determined the complaint was “Founded, Level Three, for Physical Abuse.” The worker concluded that the appellant placed his hands on the student and the resulting bruises “appear consistant [sic] with that of rough handling.”
The intake report noted that the appellant denied touching the student at all. The appellant subsequently denied making that statement. In a June 19, 2001 letter, the appellant admitted he grabbed the student’s shoulders but denied he intended to injure him. At the administrative hearing, the appellant asserted he was facing the student, whose arms were crossed in front of his chest, and that he grabbed the student to prevent him from falling. The appellant admitted he was frustrated during the incident, “I was upset at that time.” The hearing officer determined that the appellant “lost his composure,” “forcefully grabbed” the student, and then fabricated an explanation for touching him.
Under the Administrative Process Act, the trial court’s duty is “limited to ascertaining whether there was substantial evidence in the agency record” to support its decision. Code § 2.2-4027. “The phrase ‘substantial evidence’ refers to ‘such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.’ ” Virginia Real Estate Comm’n v. Bias, 226 Va. 264, 269, 308 S.E.2d 123, 125 (1983) (citation omitted). A court “may reject the agency’s findings of fact, ‘only if, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion.’ ” Id. (quoting B. Mezines, Administrative Law § 51.01 (1981)).
“Physical abuse occurs when a caretaker ... inflicts ... physical injury by other than accidental means----” 22 *604 VAC 40-705-30(A). Regardless of the appellant’s lack of intent to injure, he acted intentionally when he grabbed the student in a strong grip and shoved him into the chair. Those acts inflicted bruises and abrasions. The results of his actions were reasonably foreseeable. “[A] person is presumed to intend the immediate, direct, and necessary consequences of his voluntary act.” Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977). The agency was permitted to accept the description of the incident given by the students, and it was permitted to discount the conflicting characterization given by the appellant.
The appellant maintains Code § 22.1-279.1[1] authorized his conduct because he intended to maintain control and prevent the student from harming himself or others. The bruises to the student make evident that the touching was not incidental, minor, or reasonable. The appellant admitted he was upset when he grabbed the student, and the witnesses described the degree of force employed. No evidence indicated the appellant was acting to prevent the student from harming himself or others.
We conclude substantial evidence supported the agency’s findings that the injury was not accidental and constituted physical abuse. Accordingly, we affirm.

Affirmed.

. The
prohibition of corporal punishment shall not be deemed to prevent (i) the use of incidental, minor or reasonable physical contact or other actions designed to maintain order and control; (ii) the use of reasonable and necessary force to ... remove a student from the scene of a disturbance which threatens physical injury to persons or damage to property; [and] (iii) the use of reasonable and necessary force to prevent a student from inflicting physical harm on himself____
Code § 22.1-279.1.