## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Ernest Moss
and Hazel Moss

v.

Loraine V. Lemoine,
Director, et al.

July 29, 2004

Case No. CH03-776

BY JUDGE WILLIAM H. LEDBETTER, JR.

In this case, the court reviews an agency decision that the petitioners are ineligible for Medicaid long-term care (LTC) benefits because they made an "uncompensated transfer" of their home to their daughter.

### Background

Ernest Moss is 84 years old. Hazel Moss is 74 years old. They are married, residents of Spotsylvania County, and have three adult children. Their combined monthly income is a little more than $800.00.

Until 2003, when Mr. Moss was placed in a nursing home, Mr. and Mrs. Moss lived on property they owned in Spotsylvania County. Their original house, built around 1940, had no indoor plumbing and was deteriorating, so in 1997 one of their children, Princess Moss, helped them purchase a mobile home. The mobile home was put on the property and connected to well and septic systems.

Mr. Moss was hospitalized in February of 2002. He returned home where he received home health care. He applied for Medicaid benefits on August 20, 2002. On August 30, 2002, the Mosses transferred their real estate to their daughter. Mr. Moss was determined to be eligible for Medicaid benefits and began receiving them.

Mr. Moss was readmitted to the hospital in February of 2003. The following month, he went to a nursing home. When he applied for Medicaid LTC benefits, he was found by the local Department of Social Services (D.S.S.) to be ineligible for those benefits because of the August 2002 transfer of his home to his daughter. Mrs. Moss continues to live in the home.

On May 28, 2003, the Mosses and their daughter entered into a written agreement whereby the daughter would provide certain care for her parents in exchange for the real estate conveyed to her in August 2002. She testified that the agreement merely memorialized an oral agreement that the parties had made in 1997.

The Mosses appealed the D.S.S. ineligibility decision. A hearing was held before a hearing officer on July 11, 2003. On July 21, 2003, the hearing officer issued an opinion affirming the agency's determination that the Mosses are ineligible for Medicaid LTC benefits because of the August 2002 transfer.

The Mosses then filed this petition for court review pursuant to Virginia Code § 2.2-4025 et seq. and Rule 2A:4.

After submitting memoranda, counsel argued their positions on July 19, 2004. The court took the matter under advisement.

*Legal Principles*

Court review of an agency case decision is based solely upon the agency record. The court takes no additional evidence. The court is limited to ascertaining whether there was evidence in the agency record to support the case decision of the agency acting as trier of fact. Virginia Code § 2.2-4025(B). The burden is on the party seeking review to demonstrate an error. The court takes due account of the presumption of official regularity, the specialized competence of the agency, and the purpose of the basic law under which the agency acted. Virginia Code § 2.2-4027.

Review of agency factual decisions is governed by the "substantial evidence" test. Under this standard, the scope of review is limited to ascertaining whether there was substantial evidence in the agency record to support the decision. *Turner v. Jackson*, 14 Va. App. 423, 417 S.E.2d 881 (1992). "Substantial evidence" is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Mulvey v. Jones*, 41 Va. App. 600, 587 S.E.2d 728 (2003). The standard is intended to lend stability and finality to the fact-finding of government agencies. *Virginia Real Estate Commission v. Bias*, 226 Va. 264, 308 S.E.2d 123 (1983).

Deference is accorded a hearing officer's determination of the credibility of witnesses. See, e.g., *Berryman v. Spotsylvania County D.S.S.*, 62 Va. Cir. 443 (Spotsylvania County 2003).

## Decision

The gravamen of the Mosses' case is their contention that the evidence shows that the August 2002 transfer of their home to their daughter was merely the consummation of an oral agreement made in 1997. They argue that they provided "overwhelming" proof of such an agreement by presenting cancelled checks, receipts, and other documentation showing that Princess Moss had spent $32,308.25 over the years on behalf of Mr. and Mrs. Moss.

That argument is flawed in one important respect. Proof that a child has spent money for her parents is not necessarily proof that she did so pursuant to an agreement. Many children spend money on their parents without being beholden to do so by a binding agreement.

Next, the Mosses argue that the hearing officer accepted their evidence and found that an agreement, albeit oral, existed from 1997.

This argument, too, is flawed. The hearing officer referred to the Mosses' arrangement as an "agreement" several times in his opinion, but he also made clear that the evidence fell short of establishing a valid agreement. Of course, if the agreement is not valid, there is not agreement at all. This play on words should not affect the real essence of the hearing officer's decision.

The hearing officer determined that the 1997 "agreement" is not valid because it violates the statute of frauds and because it "does not indicate that adequate compensation, according to Medicaid policy, was provided in exchange for the asset transfer." In other words, it is too vague and indefinite.

The Mosses focus on the hearing officer's declaration that the 1997 agreement violates the statute of frauds. They point out that this is a misinterpretation of Virginia law because (1) the agreement was fully executed by the August 2002 conveyance, and (2) the statute of frauds is a defense available to one of the parties to the agreement, not a basis for invalidating the agreement by a third party. Assuming that the Mosses are correct on one or both of those points, the fact remains that the hearing officer found that the "agreement" was not really an agreement, because it did not cover material terms.

Finally, the hearing officer concluded that the asset transfer was not exclusively for purposes other than Medicaid LTC eligibility. He specifically determined that "some consideration of [Mr. Moss's] Medicaid eligibility was taken." In this regard, surely the hearing officer was entitled to consider, among other things, the timing of the transfer.

The agency record contains ample evidence to support these conclusions reached by the hearing officer. In other words, there is relevant evidence such that a reasonable mind might accept as adequate to support the hearing officer's conclusions. See *Bias, supra.*

Accordingly, the court affirms the agency decision, and the petition will be dismissed.    The court reaches this conclusion reluctantly. It is impossible not to be sympathetic toward Mr. and Mrs. Moss. There would seem to be few citizens more worthy of public assistance than this elderly, underprivileged couple. Perhaps the Medicaid "uncompensated transfer" rules are too harsh, but that is beyond the province of this court. Perhaps other safety valves should be established because, as the hearing officer correctly found, the "hardship" exception does not apply in this case because the transferred property is recoverable. But that, too, is beyond the province of the court.