COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Clements and Felton
Argued at Alexandria, Virginia


JOHN S.
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2285-03-4              JUDGE JEAN HARRISON CLEMENTS
                                                         OCTOBER 26, 2004
DEPARTMENT OF SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                        J. Howe Brown, Jr., Judge Designate

            David D. Masterman (Andrea C. Weiss; Masterman & Graham,
            P.C., on brief), for appellant.

            James Van Ingold, Assistant Attorney General (Jerry W. Kilgore,
            Attorney General; David E. Johnson, Deputy Attorney General;
            Kim F. Piner, Senior Assistant Attorney General, on brief), for
            appellee.


        John S. (appellant) appeals an order of the circuit court affirming the administrative finding

by the Alexandria Department of Social Services (DSS) that he mentally abused his minor son.

Appellant contends the circuit court erred in affirming the finding of mental abuse because (1) DSS

was not empowered to make the finding because there was no complaint or report made, (2) DSS

exceeded the statutory deadline for making the finding, and (3) DSS improperly used information

from a prior investigation in making the finding.  Finding no error, we affirm the circuit court.

        As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this

appeal.

--------
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I.  BACKGROUND

On November 11, 2000, appellant had a verbal confrontation with his fifteen-year-old son. The encounter escalated into fisticuffs, and appellant's son sustained a welt to his left cheek.  The police reported the incident to DSS, and Melissa Finney, a social worker with the Alexandria Department of Human Services, began an investigation of possible physical abuse by appellant.

In the course of that investigation, Finney's supervisor, Margaret Dillon, discussed with Finney a prior complaint involving appellant and another of his children that had been determined to be unfounded.  A document written by appellant's former wife relating to that unfounded complaint was placed in the record of the present investigation.

On November 14, 2000, appellant's son wrote a suicide note to his mother.  As a result, the mother took the son to the Alexandria Community Services Board on November 15, 2000, where Tricia Bassing, a social worker and therapist, evaluated him.  Conducting a psychosocial assessment, Bassing wrote:

> Client's father was arrested this weekend for assaulting client at his mother's house.  This was the latest in a long series o[f] emotionally, verbally and physically abusive situations.  Client reports that he feels terrible [because] of what his father has said to him over the years ("You are worthless."  "You are a pansy."  "You will never amount to anything."  Etc.) and because his father was arrested.  He also stated, "Your father is suppose[]d to care about you, not hit you in the face."  [Client] reports ongoing severe suicidal ideation since last May, worsening this past weekend.  He has been doing well in school and [has been] trying to pretend all was well, but is now tired and wants help.

Based on Bassing's evaluation, appellant's son was hospitalized at Dominion Hospital for depression and suicidal ideation.  Dr. James Steg, a psychiatrist, provided treatment, and appellant's son was released from the hospital five days later.

On December 22, 2000, Finney issued a disposition of "founded" physical abuse, level three. By letter dated January 16, 2001, appellant requested an informal conference to appeal Finney's finding of physical abuse.

On February 7, 2001, Finney requested from Bassing and received an addendum to the November 15, 2000 psychological assessment of appellant's son. In that addendum, Bassing stated that appellant son's

> ongoing severe suicidal ideation and depressive [symptoms] related to physical [and] emotional abuse from father [were] exacerbate[ed] considerably after . . . [the] assault by father [that occurred on the] weekend prior to [the psychological assessment]—necessitating [the] need for [the son's] evaluation and subsequent hospitalization in order to [e]nsure [the son's] safety.

On March 5, 2001, Dr. Steg sent a letter to Finney expressing his opinion that, as a result of being assaulted by his father, appellant's son "experienced much anguish." Appellant's son, Dr. Steg wrote further, "felt increasingly depressed, despondent and hopeless[,] culminating in his becoming acutely suicidal. . . . It seems clear that his acute suicidal ideation was related to the altercation and assault on 11/11/2000."

On March 6, 2001, relying on the connection established by Bassing and Dr. Steg between the November 11, 2000 assault by appellant and the emotional damage sustained by appellant's son, Finney issued an additional disposition of "founded" mental abuse, level one.[1]

By letter dated March 9, 2001, appellant noted his appeal of Finney's finding of mental abuse and requested that it be consolidated and heard together with the appeal of Finney's previous finding of physical abuse "[s]ince the two findings arose from the same set of facts."

---

[1] The consequences of a level one finding are more severe than a level three finding, in that, among other things, a level one finding requires that the abuser be listed in the central registry for eighteen years, whereas a level three finding results in only a three-year listing. See 22 VAC 40-700-30.

- 3 -

After being continued from March 30, 2001, an informal conference on the consolidated findings was conducted on July 25, 2001. The local agency upheld both the physical and mental abuse findings.

By letter dated August 10, 2001, appellant noted his appeal of the physical and mental abuse findings and requested an administrative hearing. Prior to the administrative hearing, appellant took Bassing's deposition on December 18, 2001, and Dr. Steg's deposition on December 19, 2001.

After conducting a hearing on April 17, 2002, the administrative hearing officer sustained both the physical and mental abuse dispositions, finding, *inter alia*, that the record contained "a preponderance of evidence that [the appellant] mentally abused [the son], causing serious harm to him."

On August 5, 2002, appellant appealed the hearing officer's decisions to the circuit court. After conducting a hearing on July 30, 2003, the circuit court affirmed the hearing officer's decisions.

This appeal followed.

## II. STANDARD OF REVIEW

"We view the evidence in the light most favorable to the agency and limit our review of issues of fact to the agency record." Mulvey v. Jones, 41 Va. App. 600, 602, 587 S.E.2d 728, 729 (2003). Pursuant to Code § 2.2-4027:

> The burden shall be upon the party complaining of agency action to designate and demonstrate an error of law subject to review by the court. Such issues of law include: (i) accordance with constitutional right, power, privilege, or immunity, (ii) compliance with statutory authority, jurisdiction limitations, or right as provided in the basic laws as to subject matter, the stated objectives for which regulations may be made, and the factual showing respecting violations or entitlement in connection with case decisions, (iii) observance of required procedure where any failure therein is not mere harmless error, and (iv) the substantiality of the evidentiary support for findings of fact.

- 4 -

"[W]here the question involves an interpretation which is within the specialized competence of the agency and the agency has been entrusted with wide discretion by the General Assembly, the agency's decision is entitled to special weight in the courts." Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 244, 369 S.E.2d 1, 8 (1988). In such an instance, we will reverse only to correct "'arbitrary or capricious [agency] action that constitutes a clear abuse of the delegated discretion.'" Id. (quoting Virginia Alcoholic Beverage Control Comm'n v. York Street Inn, Inc., 220 Va. 310, 315, 257 S.E.2d 851, 855 (1979)). However, "'[i]f the issue falls outside the area generally entrusted to the agency, and is one in which the courts have a special competence, . . . there is little reason for the judiciary to defer to an administrative interpretation.'" Id. at 243-44, 369 S.E.2d at 8 (quoting Hi-Craft Clothing Co. v. NLRB, 660 F.2d 910, 914-15 (3d Cir. 1981)). Thus, "[a]gency action . . . must be set aside if judicial review reveals a failure 'to observe the required procedures or to comply with statutory authority.'" Environmental Defense Fund, Inc. v. Virginia State Water Control Bd., 15 Va. App. 271, 278, 422 S.E.2d 608, 612 (1992) (quoting Johnston-Willis, Ltd., 6 Va. App. at 243, 369 S.E.2d at 7).

Moreover, Code § 2.2-4027 further provides that the reviewing "court shall take due account of the . . . purposes of the basic law under which the agency has acted."

### III. ALLEGED LACK OF COMPLAINT OR REPORT

Appellant argues the finding of mental abuse must be overturned because DSS never received a report or complaint that appellant had mentally abused his son. Accordingly, he contends the circuit court erred in upholding that finding. We disagree.

The purpose of the statutes and related regulations pertaining to DSS's child protective services are to "protect[] abused children and prevent[] further abuse of those children." J.P. v. Carter, 24 Va. App. 707, 726, 485 S.E.2d 162, 172 (1997). Thus, DSS's "'primary purpose is to investigate complaints of child abuse and, when necessary, provide appropriate services for the

child or family.'" Id. at 727, 485 S.E.2d at 172 (quoting Jackson v. W., 14 Va. App. 391, 408, 419 S.E.2d 385, 395 (1992)). Pursuant to former Code § 63.1-248.6(J),[2] DSS was required, "[u]pon receipt of a report of child abuse or neglect" to "determine the validity of such report" and "make a determination to conduct an investigation." Pursuant to former Code § 63.1-248.6:01, DSS was required, upon initiating an investigation in response to a valid report or complaint of child abuse, to determine whether the report or complaint was "founded or unfounded." Thus, as appellant states in his brief, "[w]ithout a [valid] complaint or report, there [could] be no investigation" and "[w]ithout an investigation, there [could] be no finding" of child abuse. In other words, a "founded" disposition of child abuse had to arise from an investigation by DSS, which itself had to arise from DSS's receipt of a valid report or complaint of child abuse. However, nothing in former Code §§ 63.1-248.6(J) and 63.1-248.6:01 expressly required a separate report or complaint where physical and mental abuse both arose out of the same set of circumstances, and, in light of the statutes' purpose, we find no reason to read such a requirement into the law.

Here, there was a report of possible child abuse from the police concerning the November 11, 2000 altercation between appellant and his son. Finding the report to be valid, DSS launched an investigation and found evidence of both physical and mental abuse. The finding of mental abuse, although determined later, arose from the same circumstances that gave rise to the finding of physical abuse. Indeed, in requesting a consolidated hearing before the local agency, appellant conceded that the findings of physical and mental abuse "arose from the same set of facts."

---

[2] Code §§ 63.1-248.1 to 63.1-248.19, the former statutes of the Child Abuse and Neglect Act, were repealed in 2002 and revised and recodified in Code §§ 63.2-1500 to 63.2-1529. However, since the events referenced in this opinion occurred while the former statutes were in force, we cite to those sections.

Thus, we cannot say, as appellant would have us do, that DSS's finding of mental abuse must be overturned because DSS never received a separate report or complaint that appellant had mentally abused his son.

## IV. MISSED DEADLINE

Appellant further argues that the finding of mental abuse should be reversed because DSS missed the sixty-day deadline imposed upon it by former Code § 63.1-248.6:01(5). Accordingly, he contends the circuit court erred in upholding that finding. Again, we disagree.

Former Code § 63.1-248.6:01(5) provided that DSS "shall" make its determination whether a report was founded or unfounded "within forty-five days" of its receipt of the report. That deadline could be extended but could "not exceed a total of sixty days." Code § 63.1-248.6:01(5). However, the time limitation set forth in the statute is merely procedural, rather than mandatory, and, when DSS misses the deadline, its determination will be reversed on that basis only when the person accused of abuse is prejudiced by the delay. Carter v. Ancel, 28 Va. App. 76, 78-79, 502 S.E.2d 149, 150-51 (1998) (citing J.B. v. Brunty, 21 Va. App. 300, 303, 464 S.E.2d 166, 168 (1995)).

Here, DSS issued its finding of mental abuse on March 6, 2001, more than one hundred days after the November 11, 2000 report of child abuse. However, appellant can point to no prejudice that he suffered as a result of DSS's failure to meet the statutory deadline. Indeed, after receiving notice of the finding of mental abuse, he had the opportunity to respond, to take the depositions of Bassing and Dr. Steg, and to present evidence and argument in support of his position at the informal conference and the administrative hearing.

Thus, we disagree with appellant that DSS's finding of mental abuse must be overturned because DSS failed to meet the procedural time limitation of former Code § 63.1-248.6:01(5).

### V. INCLUSION IN RECORD OF DOCUMENT FROM PRIOR INVESTIGATION

Appellant argues that the erroneous inclusion in the present record of a document related to a prior DSS investigation of abuse invalidates the finding of mental abuse. Accordingly, he contends the circuit court erred in upholding that finding. We disagree.

A document written by appellant's former wife relating to a prior unfounded complaint against appellant was included in DSS's record of the present investigation. Former Code § 63.1-248.5:1(B) provided that, "[i]n no event shall the mere existence of a prior complaint or report be used to determine that a subsequent complaint or report is founded." We have held, however, that "'the mere fact that an [agency] has looked beyond the [proper contents of the] record does not invalidate its action unless substantial prejudice is shown to result.'" Johnston-Willis, Ltd., 6 Va. App. at 258, 369 S.E.2d at 16 (quoting United States v. Pierce Auto Freight Lines, Inc., 327 U.S. 515, 530 (1946)). Indeed, "'[n]o reversible error will be found . . . unless there is a clear showing of prejudice arising from the admission of such evidence, or unless it is plain that the agency's conclusions were determined by the improper evidence, and that a contrary result would have been reached in its absence.'" Id. (quoting Virginia Real Estate Comm'n v. Bias, 226 Va. 264, 270, 308 S.E.2d 123, 126 (1983)).

Here, there is no indication in the record before us that DSS relied upon the improper document or any other information concerning the previous complaint of abuse in determining that appellant had mentally abused his son. To the contrary, the record reflects that, in making her finding, Finney relied strictly upon the factual circumstances of the altercation itself, including appellant's physical assault and verbal derision of his son, and the assessment by both Bassing and Dr. Steg that the son's mental health problems were directly related to the altercation. Likewise, neither the local agency nor the hearing officer mentioned the document or the unfounded 1995 complaint in upholding Finney's finding of mental abuse. Moreover, there is no indication in the

record that DSS would have reached a contrary conclusion had the document not been included in its record or that appellant suffered any prejudice as a result of the inclusion of the document in DSS's record.

Accordingly, we conclude that the improper inclusion in the instant record of information from a prior investigation does not warrant reversal of the finding of mental abuse.

## VI. CONCLUSION

For these reasons, we affirm the circuit court's affirmance of DSS's finding that appellant mentally abused his son.

<u>Affirmed.</u>