COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Huff and Senior Judge Clements


LANCE SPURRIER

                                                    MEMORANDUM OPINION[*]
v.      Record No. 0772-11-1                             PER CURIAM
                                                    SEPTEMBER 27, 2011
ANTHONY CONYERS, COMMISSIONER
  VIRGINIA DEPARTMENT OF SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                         H. Thomas Padrick, Jr., Judge

        (Brian A. Thomasson, on brief), for appellant.

        (Kenneth T. Cuccinelli, II, Attorney General; David E. Johnson,
        Deputy Attorney General; Kim F. Piner, Senior Assistant Attorney
        General; Cheryl A. Wilkerson, Senior Assistant Attorney General,
        on brief), for appellee.


        Lance Spurrier appeals from a January 21, 2011 final order of the circuit court finding

there was "substantial evidence in the agency record to support the December 11, 2009 decision

of the Commisioner," and upholding a founded disposition of sexual abuse made by the Virginia

Beach Department of Human Services (the local department).  On appeal, Spurrier argues the

circuit court erred (1) by not allowing new evidence into the record and (2) by finding sufficient

evidence in the record to support the finding of sexual abuse.  Upon reviewing the record and

briefs of the parties, we conclude this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court.  See Rule 5A:27.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"To administer child protective services in the Commonwealth, the General Assembly delegates authority to the VDSS, a state agency governed by a state board, Code § 63.2-215, and also requires that there 'shall be a local department of social services for each county or city under the supervision and management of a local director. Code § 63.2-324.'" Christian v. Virginia Department of Social Services, 45 Va. App. 310, 312, 610 S.E.2d 870, 871 (2005). "Through the use of administrative hearing officers, VDSS reviews *de novo* any contested determination by a local department. See Code § 63.2-1526(B); 22 Va. Admin. Code § 40-705-190(H)." Id. On appeal from a decision of VDSS, "[t]he reviewing court will view 'the facts in the light most favorable to sustaining the [agency's] action,' and 'take due account of the presumption of official regularity, the experience and specialized competence of the agency, and the purposes of the basic law under which the agency has acted.'" Jones v. West, 46 Va. App. 309, 323, 616 S.E.2d 790, 797 (2005) (quoting Atkinson v. Virginia Alcohol Beverage Control Comm'n, 1 Va. App. 172, 176, 336 S.E.2d 527, 530 (1985); Code § 2.2-4027).

The local department received a complaint alleging that D.R., seventeen years old at the time of the investigation, may have been sexually abused by Spurrier, her stepfather, when she was between four and ten years old. During the ensuing investigation, D.R. described in detail in a recorded statement various sexual contacts with Spurrier when she lived with him in Virginia. D.R.'s mother also described various physical and behavioral issues the victim exhibited during the time period when D.R. said the abuse occurred. The victim's therapist provided a statement indicating D.R. was in therapy at the time of the interview and that she had provided a consistent account of the events during her treatment.

The local department entered a disposition of founded sexual abuse, Level 1 on March 12, 2009. Spurrier challenged the finding, which was upheld following an informal conference.

Spurrier requested further review by the Commissioner of VDSS, and the disposition was again sustained. Spurrier requested judicial review of the decision. On January 21, 2011, the circuit court entered an order affirming the agency decision. This appeal followed.

ANALYSIS

I.

"As outlined in Code § 63.2-1526(B), the Administrative Process Act (APA), Code §§ 2.2-4000 to 2.2-4033, governs judicial review when DSS makes a disposition of founded child abuse." Commissioner v. Fulton, 55 Va. App. 69, 79, 683 S.E.2d 837, 842 (2009). As such, the burden is on the appellant "to designate and demonstrate an error of law subject to review by the court." Code § 2.2-4027. Such errors of law include "observance of required procedure where any failure therein is not mere harmless error" and "the substantiality of the evidentiary support for findings of fact." Code § 2.2-4027.

Spurrier argues the circuit court erred by not allowing new evidence into the record, specifically, a computer blog entry purportedly made by the victim on November 21, 2009. He concedes that the circuit court was precluded by statute "from going outside of the record as transmitted to it." However, he argues "the law is manifestly unjust."

In pertinent part, Code § 2.2-4027 provides that upon judicial review of an agency decision, "[t]he determination of such fact issue shall be made upon the whole evidentiary record provided by the agency."

> Cases subject to the standard of review outlined in Code § 9-6.14:17 [now § 2.2-4027] cannot be considered a trial de novo since the factual issues on appeal are controlled solely by the agency record. The reviewing court is not free to take additional evidence, even at the request of one of the parties. Therefore, under the VAPA, the circuit court's role in an appeal from an agency decision is equivalent to an appellate court's role in an appeal from a trial court. In this sense, the General Assembly has provided that a circuit court acts as an appellate tribunal.

- 3 -

School Board v. Nicely, 12 Va. App. 1051, 1061-62, 408 S.E.2d 545, 551 (1991) (footnote omitted). "Thus, in an agency appeal, the circuit court is not free to take additional evidence at the request of one of the parties, but is obliged to defer to the trier of fact." J. P. v. Carter, 24 Va. App. 707, 721, 485 S.E.2d 162, 169-70 (1997).

Spurrier provides no support for his assertion that it is "manifestly unjust" for him not to be able to supplement the agency record with new evidence. Under the interpanel accord doctrine, the "decision of one panel 'becomes a predicate for application of the doctrine of *stare decisis*' and cannot be overruled except by the Court of Appeals sitting *en banc* or by the Virginia Supreme Court." Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 73, 577 S.E.2d 538, 540 (2003) (citation omitted); see also Congdon v. Congdon, 40 Va. App. 255, 265, 578 S.E.2d 833, 838 (2003). Established law fully supports the trial court's refusal to admit the evidence, and we find no error with the court's actions.

To the extent Spurrier asserts his inability to introduce new evidence before the circuit court deprived him of his constitutional due process rights, we note he did not present this argument to the circuit court.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this issue on appeal. The requirements of Rule 5A:18 apply equally to constitutional claims. Deal v. Commonwealth, 15 Va. App. 157, 161, 421 S.E.2d 897, 900 (1992).

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might

have occurred." (emphasis added)).  We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

## II.

Spurrier argues the circuit court erred in concluding there was substantial evidence to support the finding of sexual abuse because the victim's account was inherently incredible.

"We view the evidence in the light most favorable to the agency and limit our review of issues of fact to the agency record."  Mulvey v. Jones, 41 Va. App. 600, 602, 587 S.E.2d 728, 729 (2003).  "[T]he burden is upon the appealing party to demonstrate error."  Carter v. Gordon, 28 Va. App. 133, 141, 502 S.E.2d 697, 700-01 (1998); Code § 2.2-4027.

"The reviewing court may reject the agency's findings of fact only if, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion."  Johnston-Willis v. Kenley, 6 Va. App. 231, 242, 369 S.E.2d 1, 7 (1988) (citations omitted).  "It is not the trial court's role to determine the credibility of the witnesses."  Comm. Dep't of Soc. Ser. v. Fulton, 55 Va. App. 69, 80, 683 S.E.2d 837, 842 (2009).

Here, the victim alleged that Spurrier repeatedly sexually abused her over an extended period of time.  The hearing officer viewed the taped interview, considered the statement of the child's mother regarding the child's behavior and physical problems at the time of the alleged abuse, and considered the statement by the victim's therapist.  The hearing officer concluded D.R. had no motive to fabricate the allegations and found Spurrier's statements less credible than the victim's and in conflict with other evidence.

The agency acting as the fact finder determined that the claim was "founded," meaning that the agency determined that "a review of the facts [showed] by a preponderance of the evidence that child abuse . . . has occurred."  22 VAC 40-705-10.  Based on the evidence in the record, it cannot be said that after reviewing the record as a whole a reasonable mind would

- 5 -

inevitably or unavoidably determine that D.R.'s allegations are false.  Thus, the trial court did not err in finding that there is substantial evidence to support the agency's actions.

Accordingly, we summarily affirm the trial court's decision.  <u>See</u> Rule 5A:27.

<u>Affirmed.</u>