COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Russell and Senior Judge Frank

ROBERT LONDON

v.     Record No. 1942-17-2

VIRGINIA DEPARTMENT OF
 SOCIAL SERVICES

MEMORANDUM OPINION*
PER CURIAM
AUGUST 28, 2018

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
T.J. Hauler, Judge

(Lanis L. Karnes, on briefs), for appellant. Appellant submitting on
briefs.

(Mark R. Herring, Attorney General; Cynthia V. Bailey, Deputy
Attorney General; Kim F. Piner, Senior Assistant Attorney General;
Ellen R. Fulmer-Malenke, Assistant Attorney General, on brief), for
appellee. Appellee submitting on brief.

Robert London (father) appeals a circuit court's order affirming the decision of the

Virginia Department of Social Services and the founded disposition of "Founded – Sexual Abuse

(Sexual Molestation) – Level one." Father argues that the circuit court erred by (1) finding that

the evidence was sufficient to support the agency's finding of "Sexual Abuse (Sexual

Molestation) – Level One;" and (2) denying his motion to enter new evidence. We find no error

and affirm the decision of the circuit court.

BACKGROUND

"On appeal, we view the evidence in the light most favorable to the [agency], the party

prevailing below." Doe v. Va. Bd. of Dentistry, 52 Va. App. 166, 170, 662 S.E.2d 99, 101

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

(2008) (*en banc*). Furthermore, we "limit our review of issues of fact to the agency record." Mulvey v. Jones, 41 Va. App. 600, 602, 587 S.E.2d 728, 729 (2003).

Father and Alysha London (mother) are the biological parents to B.L., who was four years old in November 2013. On November 25, 2013, the Chesterfield County Department of Social Services (the Agency) received a complaint that father sexually abused B.L. Mother reported that she observed father bathing B.L. between 2:00 a.m. and 4:00 a.m. on November 23, 2013. Mother reported that father was washing B.L., without a washcloth. She heard him tell B.L. to spread her legs, and he rubbed her vagina for as much as fifty seconds.[1] Later, mother explained that she waited two days to report the incident because she was afraid of father.

Father admitted that he was B.L.'s primary caretaker and that he frequently bathed B.L. late at night or in the early hours of the morning. He explained that he did so because the child did not have a set schedule. Furthermore, father stated that he used his hands to bathe B.L. because they did not have any washcloths; however, at a home visit on January 24, 2014, Whitney Jackson, the child protective services investigator, saw between twenty and thirty washcloths in the bathroom, and mother confirmed that there were always washcloths in the home. Father denied touching B.L.'s vagina. Father also acknowledged sleeping with B.L. on the sofa in the living room.

On December 4, 2013, Jackson tried to speak with B.L. about the incident. However, B.L. hid under a table and "shut down during the interview." Jackson interviewed B.L.'s fourteen-year-old half-sister, K.L., who lived in the home. K.L. reported that after the incident but a few days prior to December 4, 2013, she bathed B.L. They were in the shower together, and B.L. told K.L. that K.L. "had hair on her private parts 'like her daddy does.'" K.L. also told

---

[1] During B.L.'s forensic exam, mother reported that father washed B.L.'s vaginal area for thirty-five to forty seconds, but mother reported to the investigating social worker that father washed B.L.'s vaginal area for forty-five to fifty seconds.

- 2 -

Jackson that prior to the incident, father would not allow her to care for B.L. Jackson subsequently spoke with Sarah Johnson, who, at twenty-seven years old, was the oldest of father's children. Johnson reported that another younger sister recently said that she had been sexually abused by father. Johnson recalled a time when B.L. was two years old and father changed her diaper and father "tickled" B.L.'s vagina. Johnson further disclosed that there was another time when B.L. was masturbating and father was laughing at her.

On January 9, 2014, Jackson spoke with B.L.'s therapist, Jennifer E. Bagsby. Bagsby described a session in which B.L. talked about a "silly game" she played with father in the shower. B.L. said that the game is "played with private parts" and that it makes her feel "sad." Jackson spoke with Bagsby again on March 10, 2014. Bagsby stated that B.L.'s statements have been consistent about father touching her, and Bagsby did not believe that the child "was coached or manipulated to make statements about [father]."

On February 25, 2014, the Agency made a disposition against father of "Founded – Sexual Abuse (Sexual Molestation) – Level One." On April 23, 2014, the disposition was sustained at a local conference appeal hearing. Father appealed the local conference decision, and an administrative hearing was held on July 30, 2014 and September 3, 2014.

At the administrative hearing, both parties presented their evidence and argument. Jackson admitted on cross-examination that she had heard that during their divorce proceedings, mother had told father that she would ensure that father never saw B.L. again. Father testified that he and mother had been arguing and having problems and that a day before the complaint was made, mother was mad that father would not co-sign a loan so that she could buy a car. Father repeatedly denied touching B.L. inappropriately.

Dr. David Sabine, a clinical psychologist who was qualified in sex offender treatment, testified on father's behalf. Dr. Sabine had "real doubt" as to whether father abused B.L. After

reviewing Bagsby's deposition, Dr. Sabine questioned whether Bagsby had "confirmation bias" and assumed that the abuse took place. Dr. Sabine disagreed with Bagsby's opinion that B.L. had not been coached, especially considering some of the vocabulary and phrases B.L. used. He also found that the details that B.L. consistently reported were "hallmark[s] of a 'coached' statement." However, Dr. Sabine admitted on cross-examination that he had not spoken with Bagsby or B.L.

Father also submitted into evidence a psychological evaluation of mother conducted by Dr. Michele K. Nelson, on March 20, 2014. Based on the testing and interview data, Dr. Nelson found that mother was "emotionally dramatic and reactive, dependent, likely to blame others for her problems, has problematic relationships, and is likely to make decisions and behave in ways that stymie others. Psychological insight is not her forte."

Jackson subsequently admitted that the record showed that when mother went to the police station to report the incident, she was under the influence of prescription medication. Father also submitted a letter from Dr. Sabine dated August 18, 2014, in which he opined that there were eight factors common to individuals who made false allegations of child abuse, and all eight factors were present in this case. The eight factors were:

> accusations surfacing after separation and legal proceedings are begun; history of family conflict; accusing female parent is hysterical or borderline personality; male accused parent is passive and lacks "macho" characteristics; child a female under the age of eight; allegations surface via the custodial parent; mother takes child to an "expert" who confirms the abuse and identifies the father as the perpetrator; and, a court reacts to the expert information by terminating or limiting visitation.

The Agency submitted into evidence a court-ordered psychosexual evaluation of father conducted by Dr. Evan S. Nelson, dated March 24, 2014. Dr. Nelson opined that father had "little credibility." Dr. Nelson explained that father repeatedly denied any sexual abuse conduct, despite the evidence to the contrary, and that father was "consistently defensive to the extreme."

Dr. Nelson emphasized that father stressed "how emotionally unstable his wife was, what a terrible parent she was, and how she lied when making the current CPS allegation against him." However, father admitted to considering reconciling with mother in January and February of 2014 and that he was B.L.'s primary caretaker. Dr. Nelson emphasized, though, "that no psychological test can determine if someone who denies a sexual offense actually did commit it."

The Agency and father submitted written closing arguments. On December 19, 2014, the administrative hearing officer sustained the disposition of "Founded – Sexual Abuse (Sexual Molestation) – Level One" against father. The hearing officer concluded that the "record and testimony contain a preponderance of the evidence that [father] sexually abused his daughter, causing or threatening her with serious harm." Father appealed the decision to the circuit court.

On July 13, 2016, father filed a motion to enter new evidence. Father proposed to submit the following evidence that he argued was relevant, supported his position, and disproved mother's allegations:

    a. Notes and testimony of Melissa Findlay

    b. Dr. Connor's Evaluation

    c. Transcription of the audio recording on November 22, 2013

    d. New car purchase agreement from November 21, 2013

    e. [B.L.'s] Tae Kwon Do Ceremony Certificate on November 23, 2013

    f. Text Messages between Mr. and Ms. London on November 22, 2013-November 23, 2013

    g. Forensic Audio Report

The Virginia Department of Social Services (the Department) filed a response in opposition to father's motion and argued that the circuit court acts as an appellate court and father had the opportunity to introduce the evidence at the administrative hearing. On October 14, 2016, the

circuit court issued a letter opinion and held that "there was insufficient grounds to allow the introduction of new evidence at an appeal to the Circuit Court under the Virginia Administrative Process Act." The circuit court found that it was to be treated as an appellate court and "may not go outside the bounds of the record." Consequently, the circuit court denied father's motion to enter new evidence. On December 14, 2016, the circuit court entered an order reflecting its ruling.

On July 13, 2016, father filed his memorandum in support for his petition for appeal and argued that the "hearing officer committed legal error because the finding is violative of [father's] constitutional due process rights, the finding was based on an investigation which failed to observe the required procedure, and the record lacked substantial evidence to conclude that [father] committed Sexual Abuse – Level One." The Department filed a memorandum in opposition to the petition for appeal and argued that the hearing officer's decision should be sustained. Father subsequently filed a memorandum in response to the Department. The parties appeared before the circuit court on October 5, 2017.[2] On November 6, 2017, the circuit court entered its final order affirming the decision of the administrative hearing officer. The circuit court found that "there is substantial evidence in the agency record to sustain the decision of the hearing officer, and no error of law was made in reaching that decision. That the Agency record contains substantial evidence, both in favor of and in contrary to [father's] position in the case." This appeal followed.

---

[2] The circuit court entered the final order on November 6, 2017, and father filed a partial transcript of the October 5, 2017 hearing late on January 8, 2018. Rule 5A:8(a). Father did not file a motion for extension to file a late transcript. Therefore, the transcript is not a part of the record. Rule 5A:8. Upon review of the record, we do not find that the transcript is indispensable for a review of the assignments of error. See Bay v. Commonwealth, 60 Va. App. 520, 528-29, 729 S.E.2d 768, 772 (2012); Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986).

ANALYSIS

*Agency finding*

Father argues that the circuit court erred by finding that there was substantial evidence to support the Agency's finding of Sexual Abuse (Sexual Molestation) – Level One. Father argues that mother's recitation of the alleged incident of abuse was not credible. He emphasizes that she reported the incident days after it occurred, and when she went to the police station, she was under the influence of prescription medication. He contends that she was mad that he would not co-sign a car loan for her and that she wanted to use the incident during their divorce proceedings. Father also questions the credibility of K.L. and Bagsby. He notes that K.L.'s statements about what B.L. said were hearsay, and he denied showing B.L. his private parts. Furthermore, father stresses that Bagsby was not qualified as an expert and questions her ability to opine about whether B.L. was abused. Father emphasizes that Dr. Sabine was qualified in sexual offender treatment, and Dr. Sabine thought that Bagsby's approach reflected "confirmation bias" and that B.L. was coached.

As stated in Code § 63.2-1526(B), "[j]udicial review of a child protective services founded disposition of child abuse is governed by the Administrative Process Act (APA), codified at Code §§ 2.2-4000 to 2.2-4033." Jones v. West, 46 Va. App. 309, 322, 616 S.E.2d 790, 797 (2005). Code § 2.2-4027 explains that the "burden shall be on the party complaining of agency action to designate and demonstrate an error of law subject to review by the court." The circuit court's review of an administrative agency's factual findings is "limited to determining whether substantial evidence in the agency record supports its decision." Jones, 46 Va. App. at 323, 616 S.E.2d at 797 (quoting Avante at Lynchburg, Inc. v. Teefey, 28 Va. App. 156, 160, 502 S.E.2d 708, 710 (1998)). "The phrase 'substantial evidence' refers to 'such relevant evidence as a reasonable mind *might* accept as adequate to support a conclusion.'" Mulvey, 41 Va. App. at

603, 587 S.E.2d at 729 (quoting Va. Real Estate Comm'n v. Bias, 226 Va. 264, 269, 308 S.E.2d 123, 125 (1983)). "An agency's factual findings should only be rejected if, 'considering the record as a whole, a reasonable mind would *necessarily* come to a different conclusion.'" State Health Comm'r v. Sentara Norfolk Gen. Hosp., 260 Va. 267, 275-76, 534 S.E.2d 325, 330 (2000) (quoting Va. Real Estate Comm'n v. Bias, 226 Va. 264, 269, 308 S.E.2d 123, 125 (1983)). "It is not the trial court's role to determine the credibility of the witnesses." Comm'r v. Fulton, 55 Va. App. 69, 80, 683 S.E.2d 837, 842 (2009).

The administrative hearing officer's opinion included a detailed section with the findings of fact. The evidence proved that father told B.L. to "spread her legs and then rubbed [her] external genital area with his bare hand for as much as 50 seconds." The hearing officer accepted mother's reporting of the incident and K.L.'s reporting of B.L.'s statement. The hearing officer also accepted Bagsby's testimony about what happened in play therapy with B.L. and her description of the "silly game" she and her father played in the bathroom. Furthermore, the hearing officer stated that Dr. Nelson found that "from a psychological perspective . . . [father] had little credibility." With respect to Dr. Sabine, the hearing officer emphasized that he had not interviewed B.L., nor did he explain how a child who was B.L.'s age could be coached.

Based on the entire record, the circuit court did not err in concluding that there was substantial evidence to support the hearing officer's decision.

*Motion to Enter New Evidence*

Father argues that the circuit court erred by denying his motion to enter new evidence. Father incorrectly asserts that "if one is allowed to enter new evidence at the administrative hearing, then he should be allowed to admit new evidence at the appeal phase in the Circuit Court." This Court has previously held that "in an agency appeal, the circuit court is not free to take additional evidence at the request of one of the parties, but is obliged to defer to the trier of

fact." J. P. v. Carter, 24 Va. App. 707, 721, 485 S.E.2d 162, 169-70 (1997). "[U]nder the VAPA, the circuit court's role in an appeal from an agency decision is equivalent to an appellate court's role in an appeal from a trial court." Id. at 707, 485 S.E.2d at 169 (quoting School Board v. Nicely, 12 Va. App. 1051, 1062, 408 S.E.2d 545, 551 (1991)). Therefore, the circuit court did not err in denying father's motion to enter new evidence.

CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed.

Affirmed.