COURT OF APPEALS OF VIRGINIA

Present: Judges Russell, AtLee and Senior Judge Haley

CORBIN MOON

MEMORANDUM OPINION[*]

v.      Record No. 0686-19-4                    PER CURIAM
                                                OCTOBER 8, 2019

VIRGINIA DEPARTMENT OF SOCIAL SERVICES

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
William T. Newman, Jr., Judge

(Melinda L. VanLowe, on brief), for appellant.

(Mark R. Herring, Attorney General; Cynthia V. Bailey, Deputy
Attorney General; Kim F. Piner, Senior Assistant Attorney General;
Ellen Fulmer Malenke, Assistant Attorney General, on brief), for
appellee.

Corbin Moon appeals a circuit court's order denying his motions to remand and affirming

the Department's disposition of "Founded – Sexual Abuse – Sexual Molestation – Level One."

Moon argues that the circuit court erred by denying his motions to remand based on newly

discovered evidence. He also argues that the circuit court erred in finding that there was sufficient

evidence to affirm the founded disposition. Upon reviewing the record and briefs of the parties,

we conclude that this appeal is without merit. Accordingly, we summarily affirm the circuit

court's judgment. See Rule 5A:27.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND[1]

"On appeal, we view the evidence in the light most favorable to the [Department], the party prevailing below." Doe v. Va. Bd. of Dentistry, 52 Va. App. 166, 170 (2008) (*en banc*). Furthermore, we "limit our review of issues of fact to the agency record." Mulvey v. Jones, 41 Va. App. 600, 602 (2003).

In March 2016, Moon was a part-time piano teacher for the preschool at First Baptist Church of Clarendon, where then-three-year-old T.G. attended preschool. On March 1, 2016, Moon retrieved T.G. from her classroom for her first piano lesson. Due to maintenance work being done in the piano room, they used an elevator to go to a different room until the maintenance workers said that they could return to the piano room. They were alone in the elevator "for at least the ride up." When T.G. returned to her classroom after her piano lesson, she "soiled herself," which was "extremely unusual" for her because she was potty-trained.

After March 1, 2016, T.G. did not want to return to her preschool. T.G. subsequently told her family and the Department of Social Services' investigator that her piano teacher had touched her "pee-pee" and "bum" in the elevator. T.G. reported that her piano teacher pulled down her stockings, pulled up her skirt, and touched her vaginal area.

On May 17, 2016, the Virginia Department of Social Services (the Department) made a disposition against Moon of "Founded – Sexual Abuse – Sexual Molestation – Level One."[2] The

---

[1] The record in this case was partially sealed. Nevertheless, the appeal necessitates unsealing relevant portions of the record to resolve the issues appellant has raised. Evidence and factual findings below that are necessary to address the assignments of error are included in this opinion. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." Levick v. MacDougall, 294 Va. 283, 288 n.1 (2017).

[2] We will refer to the Arlington Department of Human Services generically as the Department.

disposition was sustained at a local conference appeal hearing. Moon appealed the local conference decision, and the Department held an administrative hearing on April 14, 2017.

At the administrative hearing, both parties presented their evidence and argument. Moon denied touching T.G. in a sexual manner or any other way. He challenged the Department's evidence and argued that it did not prove that he acted with the intent to sexually gratify himself. The Department argued that there was sufficient circumstantial evidence to prove the abuse. It relied on the child's statements and her behavior after the incident, as well as Moon's admission that they were in the elevator together and his caretaking role as T.G.'s teacher.

The hearing officer held the record open until April 28, 2017, so the parties could submit additional evidence and argument. On July 24, 2017, the administrative hearing officer sustained the disposition of "Founded – Sexual Abuse – Sexual Molestation – Level One" against Moon. The administrative hearing officer found that T.G. was credible. The hearing officer further found that T.G. was "well-spoken for a child of her age and the soiling incident immediately after her lesson as well as her reluctance to return to school bolster[ed] her statement." In rejecting Moon's sexual gratification argument, the administrative hearing officer found that there was "simply no reason for [him] to have touched [T.G.] in her vaginal area." The administrative hearing officer concluded that the Department had proved its case by a preponderance of the evidence. Moon timely appealed the decision to the circuit court.

On January 12, 2018, Moon filed a motion to remand. Moon explained that T.G., by her next friend, had filed a civil suit against Moon and the preschool. Moon alleged that he had learned of new and relevant information that was not presented to the administrative hearing officer. Moon requested that the matter be remanded to the Department of Social Services, so that the new information could be presented to the hearing officer.

The Department opposed Moon's motion to remand, arguing that the circuit court did not have the authority to remand the matter to the hearing officer to hear additional evidence. Instead, the Department asserted that the circuit court must review the agency record and determine if there was substantial evidence to support the agency's decision. The Department argued that the evidence that Moon wished to present was available at the time of the administrative hearing; thus, it was not new. The Department noted that Moon had the opportunity to subpoena and question T.G.'s parents, teachers, and relatives, as well as the investigators, at the administrative hearing. Moon did not avail himself of that opportunity.

On August 8, 2018, the circuit court issued an "Opinion Letter" holding that under the Virginia Administrative Process Act (VAPA), it did "not have the authority to remand the case back to the administrative agency." The circuit court found that it was "restricted to determining whether there is substantial evidence in the agency record to support the agency decision." The circuit court concluded that "[a]ny remand would be improper at this point in the case because the [c]ourt ha[d] not conducted a review of the agency record to see if substantial evidence in favor of the Department of Social Services' finding exist[ed]." On the same day, the parties appeared before the circuit court for argument on Moon's appeal. After hearing the parties' arguments, the circuit court found that there was "a sufficient basis . . . to uphold the finding of the hearing examiner."

On August 30, 2018, Moon moved to suspend entry of the final order. On September 24, 2018, the circuit court entered a final order affirming the Department's decision and an order suspending the final order until further order of the court.

On November 7, 2018, Moon filed a "Request to Postpone Final Court Decision and Remand." Moon again requested that the circuit court remand the matter to the Department to consider evidence he had obtained in the civil suit. Moon alleged that some statements made by

T.G.'s parents, maternal uncle, grandmother, teacher, and the preschool's janitor to the police contradicted the administrative hearing officer's findings. The Department opposed Moon's request. The Department argued that the evidence that Moon wished to present was "available and discoverable" at the time of the administrative hearing.

On April 2, 2019, the circuit court entered an order finding that the evidence that Moon "would request be reviewed on remand was discoverable at the time of the administrative hearing." It further found that there was "substantial evidence in favor of the Department of Social Services' findings, and remand would therefore be improper." The circuit court lifted the suspending order and imposed the final order of September 24, 2018. This appeal followed.

ANALYSIS

*Motion to remand*

Moon argues that the circuit court erred by denying his motions to remand. He claims that he had newly discovered evidence that the administrative hearing officer did not hear. He asserts that the police reports contained information from witnesses that contradicted the administrative hearing officer's findings.[3]

"[I]n an agency appeal, the circuit court is not free to take additional evidence at the request of one of the parties, but is obliged to defer to the trier of fact." J. P. v. Carter, 24 Va. App. 707, 721 (1997). "[U]nder the VAPA, the circuit court's role in an appeal from an agency decision is equivalent to an appellate court's role in an appeal from a trial court." Id. (quoting School Board v. Nicely, 12 Va. App. 1051, 1062 (1991)).

---

[3] In his brief, Moon included summaries of the witnesses' statements to the police. Those statements were not presented at the administrative hearing and were not part of the agency record the circuit court reviewed. Therefore, this Court may not consider them. See J.P. v. Carter, 24 Va. App. 707 (1997).

"When the decision on review is to be made on the agency record, the duty of the court with respect to issues of fact shall be to determine whether there was substantial evidence in the agency record to support the agency decision." Code § 2.2-4027. "Where a regulation or case decision is found by the court not to be in accordance with law under § 2.2-4027, the court shall suspend or set it aside and remand the matter to the agency for further proceedings, if any, as the court may permit or direct in accordance with law." Code § 2.2-4029. Since the circuit court found that there was substantial evidence to support the agency's findings, a remand was not permitted under Code § 2.2-4029.

Moon asked the circuit court to consider a remand under Code § 2.2-4028, which states that "[w]hen judicial review is instituted or is about to be," a circuit court may

> issue all necessary and appropriate process to postpone the effective dates or preserve existing status or rights pending conclusion of the review proceedings if the court finds the same to be required to prevent immediate, unavoidable, and irreparable injury and that the issues of law or fact presented are not only substantial but that there is probable cause for it to anticipate a likelihood of reversible error in accordance with § 2.2-4027.

The relief Moon requested, however, was not to postpone an effective date or preserve the existing status or rights pending the circuit court's review. Instead, he wanted to reopen the administrative proceedings to present what he contended was new evidence.

The circuit court held that Moon did not prove an "immediate, unavoidable, and irreparable injury" or the "likelihood of reversible error." The circuit court found that the evidence that Moon wished to have reviewed on remand was discoverable at the time of the administrative hearing. Moon could have subpoenaed T.G.'s parents, grandmother, maternal uncle, teacher, and the preschool janitor to testify at the administrative hearing. See Code § 63.2-1526(B). Moon could have asked them about T.G.'s statements and behavior, but he did not do so.

Therefore, the circuit court was limited to reviewing the agency record to determine whether substantial evidence supported the administrative hearing officer's finding. It did not err in denying the motions to remand.

*Sufficiency of the evidence*

Moon argues that the circuit court erred by finding that there was substantial evidence to support the administrative hearing officer's finding of Sexual Abuse – Sexual Molestation – Level One.

Under Code § 63.2-1526(B), "[j]udicial review of a child protective services founded disposition of child abuse is governed by the Administrative Process Act (APA), codified at Code §§ 2.2-4000 to 2.2-4033." Jones v. West, 46 Va. App. 309, 322 (2005). Under the VAPA, the "burden shall be on the party complaining of agency action to designate and demonstrate an error of law subject to review by the court." Code § 2.2-4027. The circuit court's review of an administrative agency's factual findings is "limited to determining whether substantial evidence in the agency record supports its decision." Jones, 46 Va. App. at 323 (quoting Avante at Lynchburg, Inc. v. Teefey, 28 Va. App. 156, 160 (1998)). "The phrase 'substantial evidence' refers to 'such relevant evidence as a reasonable mind *might* accept as adequate to support a conclusion.'" Mulvey, 41 Va. App. at 603 (quoting Va. Real Estate Comm'n v. Bias, 226 Va. 264, 269 (1983)). "An agency's factual findings should only be rejected if, 'considering the record as a whole, a reasonable mind would *necessarily* come to a different conclusion.'" State Health Comm'r v. Sentara Norfolk Gen. Hosp., 260 Va. 267, 275-76 (2000) (quoting Bias, 226 Va. at 269). "It is not the trial court's role to determine the credibility of the witnesses." Comm'r v. Fulton, 55 Va. App. 69, 80 (2009).

An abused child means a child "[w]hose parents or other person responsible for [her] care commits or allows to be committed any act of sexual exploitation or any sexual act upon a child

- 7 -

in violation of the law." Code § 63.2-100(4); see also 22 VAC 40-705-30(D) ("Sexual abuse occurs when the child's caretaker commits or allows to be committed any act of sexual exploitation . . . or any sexual act upon a child in violation of the law."). According to the Department's Child and Family Services Manual, sexual molestation "means an act committed with the intent to sexually molest, arouse, or gratify any person, including, but not limited to . . . [when] [t]he caretaker intentionally touches the child's intimate parts or clothing directly covering such intimate parts." Virginia Dep't of Soc. Servs., Child & Family Servs. Manual, Chapter C, Section 2.7.2.3 (July 2015). A "founded" disposition "means that a review of the facts shows by a preponderance of the evidence that child abuse or neglect has occurred." 22 VAC 40-705-10. A Level One finding "includes those injuries or conditions, real or threatened, that result in or were likely to have resulted in serious harm to a child." 22 VAC 40-705-110(D)(1). The Department's Child and Family Services Manual further instructs that a Level One finding for sexual abuse is appropriate where there was genital contact. Virginia Dep't of Soc. Servs., Child & Family Servs. Manual, Chapter C, Section 5.7.2.3.1 (July 2015).

The administrative hearing officer's opinion included detailed findings of fact. The hearing officer found that T.G. was credible when she reported that her piano teacher had touched her "pee-pee." The hearing officer noted that Moon corroborated T.G.'s statements that he was her piano teacher and that they rode alone in the elevator. The hearing officer found that Moon's corroboration of "these details . . . [made] it difficult to disbelieve [T.G.'s] statement about being touched especially when she is so young and she has no established motive for lying." The hearing officer also found that there was "simply no reason for Mr. Moon to have touched [T.G.] in her vaginal area." Finally, the hearing officer found that the "touch affected her so much that she later had a bowel movement which was atypical for her." After reviewing the facts and interpreting the agency's regulations, the hearing officer found that the

preponderance of the evidence proved that Moon touched T.G.'s genitals with his hand and that his actions supported a Level One finding.

Because there was substantial evidence in the record to support the Department's finding, the circuit court did not err in affirming the decision.

CONCLUSION

For the foregoing reasons, the circuit court's ruling is summarily affirmed.  Rule 5A:27.

Affirmed.